BANCO TERRITORIAL Y AGRÍCOLA *v.* ALVAREZ.

APPEAL from the District Court of Arecibo.

No. 44.—Decided February 7, 1906.

MORTGAGE—EXECUTION PROCEEDINGS—APPROVAL OF THE AUCTION SALE HELD IN ABEYANCE.—When, at the third auction held without fixing the minimum bid to be accepted, in execution proceedings, the bid offered does not cover two-thirds of the price which served as a basis for the second auction, the approval of the third auction should be held in abeyance, and the provisions of article 1504 of the old Law of Civil Procedure complied with, so as to save whole the rights of the creditor in such case, for which the new Code of Civil Procedure affords no remedy.

ID.—NEW AUCTION.—Should the debtor fail to exercise the rights accorded to him by article 1504 of the old Law of Civil Procedure, the auction held must be approved; but should he procure some person to increase the bid, a new auction shall be held according to the act of March 9, 1905, relating to judgments and the manner of satisfying them.

The facts are stated in the opinion.
*Mr. Guzmán Benítez (Juan)* for appellant.

The respondent did not appear.

Mr. Justice Figueras delivered the opinion of the court.

This suit was commenced in April, 1904, in the District Court of Arecibo, under the summary procedure of the Mortgage Law and its Regulations, and during the progress thereof these provisions, as well as those of the former Law of Civil Procedure, were applied to the case, notwithstanding the fact that the first and second public sales were successively advertised to be held on November 28, 1904, and January 26, 1905, respectively; that is to say, at a time when the Code of Civil Procedure, which went into effect on July 1, 1904, was already in force.

No bidders appeared at these two public sales, and a third sale was asked for and granted, without fixing the minimum bid to be accepted, under the provisions of the old Law of Civil Procedure It was so ordered by the judge of the Arecibo court, and on March 13, 1905, the public sale was held, the only bidder to appear being José Rivera, Sr., who offered $400 for the property, binding himself in addition, to recognize the validity of, and pay, the *censo* of 1,000 *pesos,* provincial money, which is a charge against the said property, together with the income due thereon, amounting to $360, and the taxes due to date.

The property was knocked down to José Rivera, Sr., by the marshal of the said Arecibo court.

It should be stated here that in the notices of the sales published, no mention is made of the *censo* which the bidder says encumbers the property, and much less of the income due thereon or the back taxes, and even supposing that all this were true, as the execution creditor says, the bid would not cover the two-thirds of the amount of the minimum bid fixed for the second public sale.

On March 15, 1905, the Banco Territorial y Agrícola moved that approval of the sale be withheld, inasmuch as the bid of the only bidder, Rivera, Sr., did not cover two-thirds of the price which served as the minimum fixed for the second

public sale, and asked that article 1504 of the old Law of Civil Procedure be complied with, which article reads as follows:

"If the plaintiff does not agree to either of the two measures mentioned in the foregoing article he may request that a third auction be held without fixing the minimum bid to be accepted.

"In such case, if there should be a bidder offering two-thirds of the price which served as a basis for the second auction, and who accepts the conditions of the sale, the said sale shall be approved.

"If a bid of less than said two-thirds should be offered, the approval of the sale shall be held in abeyance, and the debtor shall be informed of the price offered, who, within the next nine days, may pay the creditor and have his property released, or may procure some person to increase the bid, making the deposit prescribed in article 1498.

"After the nine days have elapsed without the debtor either having paid or increased the bid, the sale shall be approved and ordered consummated."

The bank maintains that these provisions are applicable in virtue of the provisions of the second paragraph of article 176 of the Regulations for the execution of the Mortgage Law, which reads as follows:

"The provisions of the Law of Civil Procedure in force in Cuba, Porto Rico and the Philippines shall be applicable to these proceedings as supplementary, when not in conflict with the provisions contained in the Mortgage Law and these Regulations."

In its decision of March 20, 1905, the Arecibo court held "that the paragraph of the Regulations above quoted should be understood to refer to the law [Code] of Civil Procedure in force which was approved in the year 1904; and in virtue thereof the said court is of opinion that a public sale by a marshal, without fixing the minimum bid to be accepted, is perfected without the approval of the court provided a bidder appears and makes an offer in accordance with the conditions stipulated in the notice of the public sale. For these reasons that court is of opinion that the motion should be

overruled and that the inhibitory writ to the marshal should be vacated and that a new order should be made in that respect.'' That decision was signed by the Hon. José R. F. Savage.

The Banco Territorial y Agrícola asked for a reconsideration of that decision.

The Arecibo judge denied the petition and then the Banco Territorial, through its attorney, Juan de Guzmán Benítez, took an appeal to this Supreme Court, where the proper copies have been presented, and a brief has been filed in which the point above mentioned was raised, and counsel made an oral argument at the hearing, which took place on the first of the present month of November.

Now then, the Mortgage Law of the Spanish Peninsula, modified for application in Cuba, Porto Rico and the Philippines, was approved on July 14, 1893.

The Regulations for the application of this law were approved on July 18, 1893.

Those provisions went into effect immediately. The old Law of Civil Procedure went into effect on January 1, 1886.

So that when the Regulations of the Mortgage Law referred to the Law of Civil Procedure now in force as supplementary thereto, it is evident that it referred to the Law of Civil Procedure which was then in force here.

Up to this point there is no difficulty. Neither is it necessary to consider at this time the question whether or not the Mortgage Law and its regulations are in force. The judge of the Arecibo court maintains that they are, and shows that the provisions thereof have been applied in the conduct of the second public sale, which was ordered to be held subject to the limitation upon the acceptable bids to two-thirds of the reduced price, and ordering the third public sale to be held without fixing any minimum bid therefor.

What we must decide is whether the Law of Civil Procedure supplementary to the Mortgage Law and the Regulations therefor is in this case the old Law of Civil Procedure

or the Code of Civil Procedure which went into effect in this
Island on July 1, 1904. It appears to me that in this case to
sustain either of the two propositions to the absolute exclu-
sion of the other would be dangerous and contrary to the
spirit of section 361 of the Code of Civil Procedure now in
force, which reads as follows:

"All laws, royal decrees, orders, military orders, acts, or parts of
acts, inconsistent or in conflict with this Code, are hereby repealed."

When the Law of Civil Procedure was published in Spain
on October 5, 1885, one of the distinguished authors thereof,
Mr. Gómez de la Serna, said in the explanatory introductory
and in regard to article 1415 thereof, which also contained a
similar repealing clause, the following:

"It is true that there are provisions of our old law which have
not been incorporated in the Law of Civil Procedure; but it is no
less true that the commission believed that it should not include
many of them, either because it wished to prevent the law from de-
generating into casuistry, because it did not agree with the old
decisions, or because they had no place in the system; but upon the
supposition that there are in fact in the old laws general provisions
which are not contrary to the revised laws and which it might have
been useful to include in the law, because it would be stubbornness
to deny it, there is no reason to fear that the slightest injury will
result therefrom. Jurisprudence, which is a necessary complement
to written law, the best interpreter thereof, and the purpose of which
is to supply its deficiencies, will give the life of custom to that which
by virtue of the last article of the law has failed to fulfill the express
wish of the legislator."

But when this was written, as no jurisprudence had as yet
been established, the proposed solution of the difficulty was
not found, and then Mr. Joaquín Escriche, in the third volume
under letter "L," page 902, of his *Diccionario Razonado de
Legislación y Jurisprudencia,* said:

"Therefore when neither the letter nor the spirit of the Law of
Civil Procedure leaves any doubt in regard to the preservation, com-

pliance or repeal of a process, writ, proceeding or remedy in regard to which it contains no express provision, if no provisions are found therein referring thereto more or less directly, or which are analogous thereto and by which the omission may be supplied, the foregoing provisions must be followed; but only in so far as the same are not in conflict with the spirit of the new law, because otherwise it might happen that according to the old law a proceeding or remedy of little importance might be more favorable than some other more essential proceeding or remedy provided for by the new law, and *vice versa.* When the proceeding, process or remedy omitted by the new law and to which reference is made in its provisions, can be supplied by other analogous ones of the same law, recourse should not be had to the former laws, even though they establish definite rules which are directly applicable, but the omission should be supplied by the analogous provisions.''

We will now see whether the Code of Civil Procedure now in force contains any provision analogous to those of article 1504 of the old Law of Civil Procedure applicable to the case at bar.

Under the Code of Civil Procedure now in force, which went into effect on July 1, 1904, the execution debtor had a right to redeem the property sold from the purchaser in the manner prescribed by that law, but all the provisions in regard to that right were no longer in force when the third public sale was held on March 13, 1905, and consequently neither were they in force on the date the order appealed from was rendered, inasmuch as the provisions relating to the right of redemption were repealed by the act of the Legislative Assembly of this Island, approved March 9, 1905, which went into effect immediately after its approval.

So that there is nothing in the Code of Civil Procedure now in force to save the rights of this creditor, the Banco Territorial y Agrícola, by reconciling them with those of its debtor, as is undoubtedly done by the old Law of Civil Procedure in its article 1504, in providing that when a bid is not sufficient to cover the price of two-thirds of the minimum amount fixed for the second public sale, approval of such sale

shall be withheld and the debtor shall be notified of the price offered and he may within the nine days next following pay the creditor and redeem the property or present a better bidder, and after the expiration of that time, if he has not done one of these things, the sale will be approved.

Under such a procedure the execution debtor has the benefit of an opportunity to redeem his property or obtain a better price therefor, and the creditor is enabled to recover the full amount of his credit or a larger portion thereof.

Those benefits are not provided for by the law [Code] of Civil Procedure now in force, and it must be borne in mind that the contract was executed under the Mortgage Law and its Regulations and the Law of Civil Procedure, which were entirely free from such complications, and that the decision reached in this case may or may not go to the extent of affecting the right of ownership of the debtor.

It must be agreed, then, that the new law of procedure provides no remedy for the conflict which is now presented for our consideration, and that it must be decided so as to harmonize all the interests involved herein.

To this end I take into consideration the opinions and authorities hereinbefore cited and in addition the provisions of section 36 of the Code of Civil Procedure, which reads as follows:

Section 36. When jurisdiction is, by this Code, or by another statute, conferred on a court or judicial officer, all the means necessary to carry it into effect are also given; and in the exercise of this jurisdiction, if the course of proceedings be not specially pointed out by this Code or the statute, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of this Code.

And under these conditions I think it most logical and human in this case to suspend approval of the third public sale directing a compliance with article 1504 of the old Law of Civil Procedure, and if the debtor does not in due time

exercise the rights granted him under that provision, that the public sale held on March 13, 1905 be approved and that if, on the contrary, the bid is bettered, a new public sale be held in accordance with the law of March 9, 1905, relating to judgments and the manner of satisfying the same which went into effect on April 9, 1905, and which therefore was not in force when the third public sale, which is the origin on this appeal, was held.

In this respect we recommend the reversal of the order of March 20, 1905, made by the judge of the Arecibo court.

*Reversed.*

Chief Justice Quiñones, and Justices Hernández and Wolf concurred.

Mr. Justice MacLeary dissented.

### DISSENTING OPINION OF MR. JUSTICE MACLEARY.

San Juan, Porto Rico, 8th of February, 1906.

I cannot agree to this opinion or the judgment because I am of the opinion that all that portion of the Mortgage Law and the Regulations pertaining thereto which refer to the foreclosure of mortgages and the sales made in perfecting such foreclosures has been repealed by the Code of Civil Procedure and the acts amendatory thereof. In my opinion when the Code of Civil Procedure went into effect on the 1st of July, 1904, all proceedings pending in the foreclosure of mortgages should at once have been changed to conform to the existing laws. Therefore in this case the whole proceeding should be dismissed and the bank permitted to proceed by a regular action under the Code to foreclose the mortgage.